DANTE T. PRIDE (SBN 262362)
*dpride@pridelawfirm.com*
JESSICA K. PRIDE (SBN 249212)
*jpride@pridelawfirm.com*
ALANA MCMAINS (SBN 285942)
*amcmains@pridelawfirm.com*
**THE PRIDE LAW FIRM**
2831 Camino Del Rio S, Suite 104
San Diego, California 92108
Telephone: 619-516-8166
Facsimile: 619-785-3414

Attorneys for Plaintiff Tyler Astorga

# UNITED STATES DISTRICT COURT

## FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TYLER ASTORGA, an individual,<br><br>Plaintiff,<br><br>v.<br><br>COUNTY OF SAN DIEGO; WILLIAM GORE, in his individual and official capacity; KEVIN BOEGLER, in his individual capacity; and DOES 1-25, inclusive;<br><br>Defendants. | **'21 CV463   BEN LL**<br>**PLAINTIFF'S COMPLAINT FOR:**<br><br>1) **VIOLATION OF 42 U.S.C. § 1983 (EXCESSIVE FORCE);**<br>2) **VIOLATION OF 42 U.S.C. § 1983 – *MONELL* (FAILURE TO PROPERLY TRAIN/SUPERVISE)**<br>3) **BATTERY;**<br>4) **INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS;**<br>5) **VIOLATION OF RALPH ACT (CIVIL CODE § 51.7); AND**<br>6) **BANE CIVIL RIGHTS ACT (CIVIL CODE § 52.1)**<br><br>JURY TRIAL DEMANDED |

Plaintiff TYLER ASTORGA ("Plaintiff"), by and through his counsel of record, hereby alleges the following:

1

**PARTIES, JURISDICTION, AND VENUE**

2       1.      Plaintiff is, and at all relevant times was, an individual residing in San

3   Diego County, California.

4       2.      At all times relevant to this Complaint, Defendant DEPUTY KEVIN

5   BOEGLER ("BOEGLER") was acting under color of state law in his capacity as a

6   Sheriff's Deputy employed by the County of San Diego Sheriff's Department

7   ("SDSD").

8       3.      At all times relevant to this Complaint, Defendant William Gore

9   ("GORE") was the policy-maker for SDSD.  GORE is and was responsible for

10   promulgation of the policies, procedures, and allowance of the practices and

11   customs pursuant to which the acts of the SDSD alleged herein were committed. He

12   also supervised and had control of deputies who are or were employed by SDSD,

13   who are under his command and who report to him, including the Defendants to be

14   named.

15       4.      At all times relevant to this Complaint, Defendant COUNTY OF SAN

16   DIEGO ("the COUNTY") is a public entity, a county in the State of California.

17       5.      Plaintiff is ignorant as to the true names, identities, and capacities of

18   Defendants DOES 1 through 25, inclusive.  Therefore, Plaintiff sues these

19   Defendants under the fictitious designation of DOES 1 through 25.  Plaintiff will

20   amend this Complaint once their identities have been ascertained as well as facts

21   giving rise to their liability.

22       6.      Defendants Does 1-25, individually and in their official capacities, at

23   all times relevant herein, were deputies, officers and/or employees for the San

24   Diego County Sheriff's Department, acting in their official capacity and under color

25   of law. These defendants include deputies in supervisory positions that participated

26   in training BOEGLER and other deputies, in the supervision of the use of force by

27   other deputies, and in reporting incidents of use of force to other employees within

28   the Sheriff's Department.

THE PRIDE
LAW FIRM

- 2 -
COMPLAINT FOR DAMAGES

7.      Venue is proper in this Court because the acts and omissions complained of all occurred within the County of San Diego.

8.      This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331, 1343(3), and 1343(4).  This Court further has supplemental jurisdiction over the pendent state law claims under 28 U.S.C.        § 1376(a).

9.      On July 16, 2020, Plaintiff filed a claim for damages with the County of San Diego, as required by California Government Code § 910.  Plaintiff did not receive a response to his claim.

### GENERAL ALLEGATIONS

1.      On May 30, 2020, a protest occurred in La Mesa.  The demonstration in La Mesa was in response to the killings of George Floyd, Ahmaud Arbery, and Breonna Taylor, but also in response to a video of a La Mesa police officer detaining a Black man named Amaurie Johnson.

2.      On May 30, 2020, Plaintiff, an 18-year-old kid, and friends decided to join their fellow citizens and participate in the protest that evening.

3.      When Plaintiff arrived to La Mesa, he was taken back by the energy and the sheer number of people. After some time, Plaintiff and his friends decided to leave the protest area and head home. Plaintiff arrived at his car around midnight.

4.      Plaintiff got to his vehicle without incident and started driving home. While driving his car past the intersection of La Mesa Blvd. and Spring St., Plaintiff and his vehicle were hit with several metal-projectile beanbag rounds, fired from a shotgun. Plaintiff was struck in the head by a metal projectile bean bag round, lacerating his head.  Plaintiff was properly driving in the street and following traffic laws when he was struck.

5.      Upon impact, Plaintiff is unsure if he briefly lost consciousness, but can recall that he immediately stopped driving and sort of pulled/rolled over to the side of the road.  Large amounts of blood poured from Plaintiff's head. Plaintiff saw the lead-filled sack next to him, which he believed to be the projectile shot at

THE PRIDE
LAW FIRM
COMPLAINT FOR DAMAGES

him, and he also observed sizeable dents in his steel vehicle. Plaintiff does not know why SDSD Deputy BOEGLER targeted him and tried to kill him. Plaintiff did not throw anything at BOEGLER, did not attempt to hit any officers with his vehicle, nor did Plaintiff drive his vehicle in a reckless and/or illegal manner. Plaintiff was following traffic laws when Defendant BOEGLER opened fire. The only thing Plaintiff did prior to getting shot, was yell: "Fuck the police" as he drove his vehicle past the officers. In response, he was shot in the face.

6.     As of the date of this filing, Plaintiff has not been charged with violating *any* law on the night BOEGLER decided to open fire on him. But for a stroke of luck and/or the grace of God, the metal projectile beanbag missed destroying Plaintiff's eye by just an inch or so.

7.     After the impact and the initial shock of the situation, Plaintiff's friend called 911 for assistance. Concerned that help would not reach them due to all the ongoing protest, Plaintiff's friend decided to drive Plaintiff to the hospital himself. As Plaintiff's friend drove him to the Sharp Grossmont Hospital, Plaintiff sat in the passenger seat. Plaintiff was dizzy, covered in blood, and used his shirt to stop the bleeding from his skull.

8.     Once he arrived, the doctors confirmed that he had suffered multiple lacerations to his head and physical pain caused by a kinetic impact projectile. Now approximately six months later, Plaintiff still suffers, among other things, permanent scarring on his head, emotional distress, post-traumatic stress disorder and other neurological symptoms.

## **FIRST CAUSE OF ACTION**

### **VIOLATION OF 42 U.S.C. § 1983 (EXCESSIVE FORCE)**

### **(Against Defendant BOEGLER and DOES 1-50, inclusive)**

9.     Plaintiff hereby realleges and incorporates by reference all allegations set forth in the preceding paragraphs as if fully set forth herein.

10.    Plaintiff had a firmly established right under the Fourth Amendment to

1  be free from the wanton and unnecessary infliction of pain in the form of the use of

2  excessive force by the authorities.

3       11.    Defendant BOEGLER and DOES 1-50, inclusive, while acting under

4  color of state law as a deputy with the SDSD, deprived Plaintiff of that right by

5  using excessive force against him by shooting him in the head with a metal kinetic

6  impact projectile while Plaintiff was driving.

7       12.    As a result of the conduct of BOEGLER and DOES 1-50, inclusive,

8  Plaintiff was injured physically, psychologically, and emotionally.  Defendants' use

9  of excessive force was both the cause-in-fact and the proximate cause of Plaintiff's

10  injuries.

11       13.    The conduct alleged herein was done in deliberate or reckless

12  disregard of Plaintiff's constitutionally protected rights, justifying the award of

13  exemplary damages against Defendant in an amount according to proof at the time

14  of trial in order to deter Defendant from engaging in similar conduct and to make an

15  example by way of monetary punishment. Plaintiffs is also entitled to attorneys'

16  fees and costs of suit herein.

17                        **SECOND CAUSE OF ACTION**

18              **VIOLATION OF 42 U.S.C. § 1983 / *MONELL* (FAILURE TO**

19                        **PROPERLY TRAIN/SUPERVISE)**

20                  **(Against Defendant COUNTY OF SAN DIEGO)**

21       14.    Plaintiff hereby realleges and incorporates by reference all allegations

22  set forth in the preceding paragraphs as if fully set forth herein.

23       15.    The COUNTY OF SAN DIEGO, GORE and Supervisory DOE

24  Defendants 12-25 are each liable for the deprivation of Plaintiff's constitutional

25  rights under *Monell v. Department of Social Services of the City of New York*, 436

26  U.S. 658 (1978), and its progeny, which hold that municipal entities may be held

27  liable for violations of Constitutional rights committed by its employees if the

28  violations arose from:

THE PRIDE
LAW FIRM

a.      a widespread practice that, although not authorized by written law or express municipal policy, is "so permanent and well settled as to constitute a custom or usage" with the force of law;

b.      the ratification of the illegal and unconstitutional conduct by an individual with final policy-making authority; and/or

c.      a failure to adequately train municipal employees resulting in the deliberate indifference to the constitutional rights of citizens.

16.      Defendants COUNTY OF SAN DIEGO, Supervisory DOES 12-25, and GORE failed to provide adequate supervision and discipline to deputies that hold the power, authority, insignia, equipment and arms entrusted to them.

17.      Defendants COUNTY OF SAN DIEGO, Supervisory DOES 12-25, and GORE were aware of the widespread problems with the use of excessive force within SDSD. Despite this knowledge, Defendants took no action to supervise or discipline deputies, or to provide better training as to proper use of force.

18.      Defendants COUNTY OF SAN DIEGO, Supervisory DOES 12-25, and GORE have a widespread history of ratifying deputy misconduct by failing to conduct appropriate investigations.  They have refused to investigate misconduct and/or taken no remedial steps or actions against deputies.

19.      There has been an official policy of acquiescence in the wrongful conduct. Defendants failed to promulgate corrective policies and regulations in the face of repeated Constitutional violations.  Defendants condoned and acquiesced in the abusive behavior of their subordinates by refusing to retrain them, discipline them, or correct their abusive behavior.

20.      Defendant COUNTY OF SAN DIEGO, as a matter of custom, practice, or policy, failed to institute, require, and enforce proper and adequate training and supervision for the use of kinetic impact projectiles by its employees, when the need for such training and supervision was obvious. Defendants' failure

1    to properly train and supervise its employees resulted in a violation of Plaintiff's
2    Fourth Amendment rights.

3        21.   Multiple peaceful protesters were harmed by kinetic impact projectiles
4    and similar "less lethal" weapons fired by SDSD deputies, which suggests that
5    this was not merely an accident or a bad act by one officer, but rather a
6    widespread deficiency in the policies, practices, and customs of SDSD.

7        22.   Defendant COUNTY OF SAN DIEGO's failure to properly train and
8    supervise its officers, as a matter of policy, custom, and practice, was deliberately
9    indifferent to Plainitff's Fourth Amendment rights and done with conscious
10   disregard for the dangers of harm and injury to him and others similarly situated.

11       23.   As a result of these failures by the COUNTY OF SAN DIEGO,
12   GORE, and Supervisory DOES 12-25, inclusive, Plaintiff was injured physically,
13   psychologically, and emotionally.  Defendants' conduct was both the cause-in-fact
14   and the proximate cause of Plaintiff's injuries.

15   **THIRD CAUSE OF ACTION**
16   **BATTERY**
17   **(Against Defendant BOEGLER)**

18       24.   Plaintiff hereby realleges and incorporates by reference all allegations
19   set forth in the preceding paragraphs as if fully set forth herein.

20       25.   Defendants BOEGLER and DOES 1-25, inclusive, caused Plaintiff to
21   be touched with the intent to harm or offend his, specifically by shooting her in the
22   forehead with a bean bag round fired from a shotgun.

23       26.   Plaintiff did not consent to the touching.

24       27.   Plaintiff was harmed and offended by Defendants' conduct.

25       28.   A reasonable person in Plaintiff's situation would have been offended
26   by the touching.

27       29.   Plaintiff sustained severe damages, including physical pain, suffering,
28   and emotional distress, as well as economic damages including but not limited to

THE PRIDE
LAW FIRM

medical expenses and lost wages, in an amount to be proven at trial.

30.     Defendant the COUNTY is liable in *respondeat superior* for the conduct of individual defendant officers BOEGLER and DOES 1-25, inclusive, in the course and scope of their employment, per Government Code § 815.2.

31.     The conduct of Defendant BOEGLER and DOES 1-25, inclusive, was malicious and oppressive, such that punitive damages are appropriate in order to punish these Defendants and deter them from engaging in similar conduct in the future.

## FOURTH CAUSE OF ACTION

### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

### (Against Defendant BOEGLER)

32.     Plaintiff hereby realleges and incorporates by reference all allegations set forth in the preceding paragraphs as if fully set forth herein.

33.     The conduct of Defendants BOEGLER, the COUNTY, and DOES 1-25, inclusive, as set forth in the preceding paragraphs, was outrageous.  It was so extreme as to exceed all bounds of that usually tolerated in a civilized society.

34.     Defendants intended to cause Plaintiff emotional distress and/or acted with reckless disregard for the probability that Plaintiff would suffer emotional distress, when BOEGLER shot him in the head with the bean bag round.

35.     Plaintiff suffered severe emotional distress, with damages in an amount to be proven at trial.

36.     Defendants' conduct was a substantial factor in causing Plaintiff's severe emotional distress.

37.     Defendant the COUNTY is liable in *respondeat superior* for the conduct of individual defendant officers BOEGLER and DOES 1-25, inclusive, in the course and scope of their employment, per Government Code § 815.2.

38.     The conduct of Defendant BOEGLER and DOES 1-25, inclusive, was malicious and oppressive, such that punitive damages are appropriate in order to

THE PRIDE
LAW FIRM

1  punish these Defendants and deter them from engaging in similar conduct in the
2  future.

3  ### FIFTH CAUSE OF ACTION

4  ### VIOLATION OF RALPH ACT (CIVIL CODE § 51.7)

5  **(Against Defendants BOEGLER, the COUNTY, and DOES 1-25)**

6      39.     Plaintiff hereby realleges and incorporates by reference all allegations
7  set forth in the preceding paragraphs as if fully set forth herein.

8      40.     Defendants BOEGLER, the COUNTY, and DOES 1-25, inclusive,
9  committed a violent act against Plaintiff.

10     41.     A substantial motivating reason for Defendants' conduct was
11 Plaintiff's race, color, and/or political affiliation or Defendant's perception of
12 Plaintiff's race, color, and/or political affiliation, because of Plaintiff being a citizen
13 participating in a Black Lives Matter protest.

14     42.     Plaintiff was harmed, including physical pain, suffering, emotional
15 distress, and economic damages including but not limited to medical expenses and
16 lost wages, in an amount to be proven at trial.

17     43.     Defendants' conduct was a substantial factor in causing Plaintiff's
18 harm.

19     44.     The conduct of Defendant BOEGLER and DOES 1-25, inclusive, was
20 malicious and oppressive, such that punitive damages are appropriate in order to
21 punish these Defendants and deter them from engaging in similar conduct in the
22 future.

23     45.     Defendant the COUNTY is liable in *respondeat superior* for the
24 conduct of individual defendant officers BOEGLER and DOES 1-25, inclusive, in
25 the course and scope of their employment, per Government Code § 815.2.

26 ### SIXTH CAUSE OF ACTION

27 ### BANE CIVIL RIGHT ACT (CIVIL CODE § 52.1)

28 **(Against Defendants BOEGLER, the COUNTY, and DOES 1-25)**

THE PRIDE
LAW FIRM
COMPLAINT FOR DAMAGES

46.     Plaintiff hereby realleges and incorporates by reference all allegations set forth in the preceding paragraphs as if fully set forth herein.

47.     On the night of May 30, 2020, Plaintiff was exercising his First Amendment rights to free speech and assembly by attending a political protest and chanting against police use of excessive force against Black Americans.

48.     By threats, intimidation, and/or coercion, Defendants BOEGLER, the COUNTY, and DOES 1-25, inclusive, intentionally interfered with or attempted to interfere with Plaintiff's rights.

49.     By threats, intimidation, and/or coercion, Defendants caused Plaintiff to reasonably believe that if he exercised his right to free speech and/or assemble, Defendants would commit violence against him and that Defendants had the apparent ability to carry out the threats.

50.     Further, Defendants acted violently against Plaintiff to prevent him from exercising his right to free speech and/or right to assemble, as well as to retaliate against Plaintiff for exercising his right to free speech and/or assemble.

51.     The COUNTY condoned, approved of, directed, and encouraged the use of excessive, unlawful force at the May 30, 2020 protest.  BOEGLER, at the direction of and with the approval of supervisory officers of the SDSD, violated the COUNTY's written policies, and standard law enforcement practices, regarding the use of "less than lethal" kinetic impact projectiles such as the bean bag round he shot at Plaintiff.  These violations included firing bean bag rounds into a large crowd from a long distance and at an elevated height, aiming the rounds at a target's head instead of arms or legs, and using bean bag projectiles fired from shotguns despite a widely known lack of accuracy.

52.     Defendants intended to deprive Plaintiff of his enjoyment of the interests protected by the First Amendment rights to free speech and assembly.

53.     Plaintiff was severely harmed, including physical pain, suffering, and emotional distress, as well as economic damages including but not limited to

THE PRIDE
LAW FIRM

1    medical expenses and lost wages, in an amount to be proven at trial.

2        54.    The conduct of all Defendants was a substantial factor in causing

3    Plaintiff's harm.

4        55.    The conduct of Defendant BOEGLER and DOES 1-25, inclusive, was

5    malicious and oppressive, such that punitive damages are appropriate in order to

6    punish these Defendants and deter them from engaging in similar conduct in the

7    future.

8        56.    Defendant the COUNTY is liable in *respondeat superior* for the

9    conduct of individual defendant officers BOEGLER and DOES 1-25, inclusive, in

10   the course and scope of their employment, per Government Code § 815.2.

11   **<u>PRAYER FOR RELIEF</u>**

12       WHEREFORE, Plaintiff Tyler Astorga prays for relief as follows:

13   1.    General and compensatory damages according to proof at the time of

14   trial;

15   2.    Attorney's fees pursuant to 42 U.S.C. § 1983 and California Civil

16   Code §§ 52 and 52.1(i);

17   3.    Civil penalties pursuant to California Civil Code §§ 52 and 52.1(i);

18   4.    Punitive and exemplary damages;

19   5.    Declaratory and injunctive relief remedying the continued policies,

20   customs and practices governing how the San Diego Sheriff's Department uses less-

21   lethal weapons such as bean-bag metal kinetic projectiles as well as how it responds

22   to political demonstrations;

23   6.    Costs of suit herein and interest; and

24   7.    Any further equitable relief that this Court deems just and appropriate.

25   / / /

26   / / /

27   / / /

28

1

## <u>JURY DEMAND</u>

2
      Plaintiff demands a jury trial on all issues in this case.

3

4
Dated: March 16, 2021               **THE PRIDE LAW FIRM**

5

6
By:

7
DANTE T. PRIDE

8
JESSICA K. PRIDE
ALANA MCMAINS
Attorneys for Plaintiff

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

THE PRIDE
LAW FIRM

COMPLAINT FOR DAMAGES