UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TYLER ASTORGA, an individual,<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>COUNTY OF SAN DIEGO; KEVIN BOEGLER, in his individual capacity; and DOES 1-25, inclusive,<br><br>　　　　　　Defendant. | Case No.: 3:21-cv-00463-BEN-LL<br><br>**ORDER DENYING DEFENDANT'S MOTION TO DISMISS AS MOOT**<br><br>**[ECF No. 5]** |

## I. <u>INTRODUCTION</u>

Plaintiff Tyler Astorga, an individual ("Plaintiff"), brings this action against Defendants the County of San Diego; William Gore, in his individual and official capacity ("Sheriff Gore"); Kevin Boegler, in his individual capacity ("Deputy Boegler"); and DOES 1-25, inclusive (collectively, "Defendants"). Complaint, ECF No. 1.

Before the Court is the Sheriff Gore's Motion to Dismiss the Complaint for Failure to State a Claim (the "Motion"). ECF No. 5. After considering the papers submitted, supporting documentation, and applicable law, the Court **DENIES** the Motion as **MOOT** due to the filing of an amended complaint and dismisses the doe defendants in accordance with the Court's previous order.

-1-

## II. BACKGROUND

This case is one of three cases filed in the Southern District pertaining to the Black Lives Matter protests that took place on May 30, 2020, in La Mesa, California. *See Horton v. County of San Diego et al.*, Case No. 3:21-cv-00400-H-BGS; *Segura v. City of La Mesa et al.*, Case No. 3:21-cv-00565-JM-MDD.

### A. Statement of Facts

Plaintiff, an eighteen (18) year-old, alleges that on May 30, 2020, he and his friends decided to join in a Black Lives Matter protest taking place in La Mesa, California. Compl., ECF No. 1 at 3, ¶ 1. When he arrived in La Mesa, he claims he was taken aback by the energy and sheer number of people, so he and his friends decided to leave the protest area and head home. *Id.* at 3, ¶ 3. Plaintiff alleges he arrived at his car around midnight, got to his vehicle without incident, and started driving home. *Id.* at 3, ¶¶ 3-4. While driving his car past the intersection of La Mesa Boulevard and Spring Street, Plaintiff and his vehicle were hit with several metal-projectile beanbag rounds, fired from a shotgun. *Id.* Plaintiff was struck in the head by a metal projectile bean bag round, lacerating his head. *Id.* Plaintiff alleges that he "was properly driving in the street and following traffic laws when he was struck," but that "[t]he only thing Plaintiff did prior to getting shot, was yell: 'Fuck the police' as he drove his vehicle past the officers." *Id.* at 3, ¶ 4, 3-4, ¶ 5.

On July 16, 2020, Plaintiff filed a claim for damages with the County of San Diego, as required by California Government Code § 910. Compl. at 3, ¶ 9. Plaintiff did not receive a response to his claim. *Id.*

### B. Procedural History

On March 16, 2021, Plaintiff filed his complaint pleading claims for relief for (1) excessive force against Deputy Boegler and Does 1 through 50 pursuant to 42 U.S.C. § 1983 and his Fourth Amendment rights; (2) failure to properly train against the County of San Diego pursuant to 42 U.S.C. § 1983 and *Monell v. Department of Social Services*

*of the City of New York*, 436 U.S. 658 (1978); (3) battery against Deputy Boegler; (4) intentional infliction of emotional distress against Deputy Boegler; (5) violation of the Ralph Act, Cal. Civ. Code § 51.7, against Deputy Boegler, the County of San Diego, and Does 1 through 25; and (6) violation of the Bane Civil Rights Act, Cal. Civ. Code § 52.1, against Deputy Boegler, the County of San Diego, and Does 1 through 25. *See* Compl., ECF No. 1.

Sheriff Gore was served with the Complaint on April 30, 2021, and had until May 21, 2021 to respond. ECF No. 3 at 2. However, on May 10, 2021, Plaintiff and Sheriff Gore filed a Joint Motion to Extend Sheriff Gore's Time to Respond to the Complaint to June 4, 2021, ECF No. 3, which the Court granted on May 12, 2021, ECF No. 4.

On June 4, 2021, Sheriff Gore timely filed a Motion to Dismiss for Failure to State a Claim, which was set to be heard on July 12, 2021, arguing that (1) the official capacity claim against Sheriff Gore was duplicative and not viable given Plaintiff also asserted a *Monell* claim and (2) the individual capacity claims failed to allege facts showing Sheriff Gore's involvement in supervision, policy implementation, or ratification leading to a violation of Plaintiff's civil rights. ECF No. 5-1 at 7.

On June 25, 2021, however, Plaintiff filed a First Amended Complaint, alleging the same six claims for relief but removing Sheriff Gore as a defendant and removing the official capacity allegations against Deputy Boegler, which the Court had noted were duplicative in light of the *Monell* claim. ECF No. 6.

## III. DISCUSSION

"It is well-established in our circuit that an 'amended complaint supersedes the original, the latter being treated thereafter as non-existent.'" *Ramirez v. Cty. of San Bernardino*, 806 F.3d 1002, 1008 (9th Cir. 2015) (reversing the court's granting of the defendants' motion to dismiss the superseded first amended complaint and the resulting dismissal of the case because the timely filed second amended complaint mooted the motion to dismiss targeted at Plaintiff's first amended complaint, which was no longer in effect). "[A]n issue is moot when deciding it would have no effect within the confines of

the case itself." *Tur v. YouTube, Inc.*, 562 F.3d 1212, 1214 (9th Cir. 2009). Here, Sheriff Gore's Motion to Dismiss sought to dismiss Plaintiff's original complaint, which is no longer operative due to Plaintiff's filing of his First Amended Complaint. Thus, granting Defendant's Motion to Dismiss would have no effect within the confines of this case.

## IV. CONCLUSION

For the above reasons, the Court **DENIES** Sheriff Gore's Motion to Dismiss as **MOOT** and vacates the hearing set for July 12, 2021 at 10:30 a.m. The Court's ruling is *without prejudice* to ability to file a new motion to dismiss the new operative pleading, should one be appropriate under the law.

Additionally, the Court noted in its previous order that the Federal Rules of Civil Procedure do not permit doe defendants unless the plaintiff "makes specific allegations as to how each doe defendant violated the plaintiff's rights." ECF No. 4 at 2:24-28. Plaintiff's First Amended Complaint still includes Does 1 through 25 but includes no specific allegations as to how each individual doe defendant violated Plaintiff's constitutional rights. Accordingly, Does 1 through 25 are dismissed. *See, e.g.*, *Cavanaugh v. Cty. of San Diego*, No. 3:18-CV-02557-BEN-LL, 2020 WL 6703592, at *25 (S.D. Cal. Nov. 12, 2020), *judgment entered,* No. 18-CV-02557-BEN-LL, 2020 WL 6702029 (S.D. Cal. Nov. 13, 2020) (dismissing Does 1 through 50 after noting "*sua sponte*, that the SAC also includes allegations against Does 1 through 50," which is improper"). Plaintiff may seek leave to amend the complaint to add any additional parties that Plaintiff may find appropriate to add pursuant to Rule 15 of the Federal Rules of Civil Procedure.

**IT IS SO ORDERED.**

DATED: July 6, 2021

**HON. ROGER T. BENITEZ**
United States District Judge