UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TYLER ASTORGA, an individual,<br><br>Plaintiff,<br><br>v.<br><br>COUNTY OF SAN DIEGO; KEVIN BOEGLER, in his individual capacity; and DOES 1-25, inclusive,<br><br>Defendants. | Case No.: 3:21-cv-00463-BEN-KSC<br><br>**DECISION RESERVING RULING ON PLAINTIFF'S MOTION FOR ATTORNEY FEES AND COSTS, ECF NO. 39, AND ORDERING PLAINTIFF'S COUNSEL TO FILE DECLARATION AND BILLING RECORDS** |

## I. INTRODUCTION

Plaintiff Tyler Astorga brings this action against Defendants the County of San Diego (the "County") and Kevin Boegler ("Deputy Boegler").[1] Before the Court is Plaintiff's Motion for Attorney Fees and Costs. ECF No. 39. The Motion was submitted on the papers without oral argument pursuant to Civil Local Rule 7.1(d)(1) and Rule 78(b) of the Federal Rules of Civil Procedure. *See* ECF No. 41. After considering the papers submitted, supporting documentation, and applicable law, the Court cannot determine the number hours accrued and therefore, **ORDERS** Plaintiff's counsel to file a declaration and billing records as set forth in Part IV.B.

---

[1]   Doe Defendants 1 through 25 were dismissed *sua sponte* in this Court's prior order dated July 6, 2021. ECF No. 8 at 4.

-1-

## II. BACKGROUND

This case is one of several cases filed in the Southern District pertaining to the Black Lives Matter events that took place on May 30, 2020, in La Mesa, California. *See, e.g.*, *Horton v. County of San Diego et al.*, Case No. 3:21-cv-00400-H-BGS; *Segura v. City of La Mesa et al.*, Case No. 3:21-cv-00565-JM-MDD; *Woolsey v. County of San Diego et al.*, Case No. 3:21-cv-00877-BEN-AHG. The facts of the instant case are referred to in this Court's prior Order, *see* ECF No. 23, and are not necessary to resolve the instant Motion for Attorney Fees and Costs. As such, the Court proceeds to the procedural history.

On March 16, 2021, Plaintiff filed his original Complaint pleading the following claims for relief: (1) excessive force against Deputy Boegler and Does 1 through 50 pursuant to 42 U.S.C. § 1983 and his Fourth Amendment rights; (2) failure to properly train against the County of San Diego pursuant to 42 U.S.C. § 1983 and *Monell v. Department of Social Services of the City of New York*, 436 U.S. 658 (1978); (3) battery against Deputy Boegler; (4) intentional infliction of emotional distress against Deputy Boegler; (5) violation of the Ralph Act, Cal. Civ. Code § 51.7 (the "Ralph Act"), against Deputy Boegler, the County of San Diego, and Does 1 through 25; and (6) violation of the Bane Civil Rights Act, Cal. Civ. Code § 52.1 (the "Bane Act"), against Deputy Boegler, the County of San Diego, and Does 1 through 25. *See* ECF No. 1.

On June 26, 2021, Plaintiff filed his First Amended Complaint, which alleges the same causes of action but omits one previously named Defendant. *See* FAC. On September 9, 2021, the County filed a Motion to Dismiss and Strike portions of the FAC. *See* ECF No. 9. The Court granted-in-part the Motion to Dismiss, allowing Plaintiff's claims under the Ralph Act and Bane Act to proceed and dismissing the *Monell* claim against the County without prejudice. ECF No. 23.

On September 1, 2022, Plaintiff filed a Notice of Settlement. ECF No. 36. On December 12, 2022, Plaintiff filed the instant Motion for Attorney Fees and Costs. ECF No. 39 ("Motion"). On December 23, 2022, Defendants filed an Opposition to Plaintiff's Motion. ECF No. 40 ("Oppo.").

### III. LEGAL STANDARD

Pursuant to 42 U.S.C. § 1988, in civil rights cases, a Court has discretion to award "the prevailing party" reasonable attorneys' fees. Although "[t]he court's discretion under section 1988 has been interpreted very narrowly," *see Ackerley Commc'ns, Inc. v. City of Salem, Or.*, 752 F.2d 1394, 1396 (9th Cir. 1985), "fee awards should be the rule rather than the exception." *Teitelbaum v. Sorenson*, 648 F.2d 1248, 1251 (9th Cir. 1981); *see also V.A. v. San Pasqual Valley Unified Sch. Dist.*, No. 17-cv-02471-BAS-AGS, 2018 WL 3956050, at *1 (S.D. Cal. Aug. 17, 2018) (quoting the same).

### IV. DISCUSSION

Plaintiff seeks attorney fees and costs pursuant to 42 U.S.C. § 1988, California Civil Code § 52.1(i), and Federal Rule of Civil Procedure 54(d). ECF No. 39 at 1. During September 2022, the parties entered a Settlement Agreement permitting Plaintiff to seek "reasonable costs and attorneys' fees . . . in an amount to be determined by the Court." Ex. A to Motion at 1. Plaintiff seeks $57,580.00 in attorneys' fees and $1,705.38 in costs. Motion at 6. Defendants argue the amount Plaintiff seeks is not reasonable and includes fees outside the confines of the Settlement Agreement. Oppo. at 6. The Court agrees that Plaintiff seeks fees excluded under the parties' Settlement Agreement and without billing records, the Court cannot accurately determine a reasonable fee amount that falls within the Agreement. Accordingly, the Court reserves ruling on Plaintiff's Motion for Attorney Fees and Costs pending a review of the declaration and billing records ordered in Part IV.B. of this decision.

#### A. The Settlement Agreement

The Supreme Court has held that settlement agreements in civil rights cases may include waivers of § 1988 attorneys' fees. *See Evans v. Jeff D.*, 475 U.S. 717, 737–38 (1986); *see also Willard v. City of Los Angeles*, 803 F.2d 526, 527 (9th Cir. 1986) (citing *Evans*, 475 U.S. at 737–38)); *K.M. v. Tehachapi Unified Sch. Dist.*, No. 1:17-cv-01431-NON-EJLT, 2021 WL 1291958, at *4 (E.D. Cal. Apr. 7, 2021) (quoting *Muckleshoot Tribe v. Puget Sound Power & Light Co.*, 875 F.2d 695, 697 (9th Cir. 1989) ("A prevailing civil

rights plaintiff may sue for reasonable attorney's fees 'unless the defendant shows that the plaintiff clearly waived fees as part of the settlement [agreement].'")). However, "any waiver or limitation of attorney fees in settlements of § 1983 cases must be clear and unambiguous." *Erdman v. Cochise Cnty., Ariz.*, 926 F.2d 877, 880 (9th Cir. 1991) (citing *Muckleshoot Tribe*, 875 F.2d at 698). The Court looks to the language of the Settlement Agreement to determine whether Plaintiff clearly and unambiguously waived his right to certain fees. *See Muckleshoot Tribe*, 875 F.2d at 698.

Plaintiff contends the parties "agreed that Plaintiff is entitled to submit a petition for recovery of reasonable attorneys' fees and costs accrued from January 5, 2021 through present." Motion at 1. Defendants respond that the Settlement Agreement explicitly prohibits Plaintiff's recovery of attorney fees incurred after June 28, 2022. Oppo. at 10. The Court agrees with Defendants. With respect to fees and costs, the Settlement Agreement states:

> For the sole consideration of FIFTY THOUSAND DOLLARS ($50,000.00) plus reasonable costs and attorneys' fees accrued by Plaintiff up through June 28, 2022, that are otherwise recoverable in this action, in an amount to be determined by the Court, Plaintiff . . . hereby releases and forever discharges [Defendants] . . . from all claims and demands, attorney fees and costs . . . resulting or to result from an occurrence or occurrences in or about May 30-31, 2020, as alleged in the complaint filed by Plaintiff in the United States District Court in the Southern District of California . . . .

Ex. A to Motion at 4. The text of the Settlement Agreement is clear in that Plaintiff may recover reasonable costs and attorney fees accrued through June 28, 2022, in exchange for the settlement sum of $50,000. *Id.* The Agreement also makes clear that the fees should be otherwise recoverable and, in an amount, determined by the Court. *Id.* But nothing in the record supports Plaintiff's argument that he may recover fees incurred from January 5, 2021 to present. Plaintiff did not rebut Defendants' argument or challenge the signed Settlement Agreement attached to Defendants' briefing. Based on the clear text of the

Settlement Agreement and no opposing argument to consider, the Court is unpersuaded by Plaintiff's contention that he is entitled to fees for the time spent litigating the instant Motion, or for any work that occurred after June 28, 2022. *See* Motion at 5–6. Accordingly, the Court considers an award of reasonable fees for work performed through June 28, 2022.

### B.    Reasonable Fees

"The Supreme Court has instructed that '[t]he initial estimate of a reasonable attorney's fee is properly calculated by multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate,' an approach commonly known as the 'lodestar' method." *Vargas v. Howell*, 949 F.3d 1188, 1194 (9th Cir. 2020) (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)). As such, the Court looks to Plaintiff's proposed hourly rates and the number of hours accrued. Defendants make various arguments regarding the hourly rates provided by Plaintiff. However, the Court does not reach these arguments, because it cannot accurately determine the number of hours accrued based on the current record.

Plaintiff's Motion states that Mr. Pride spent 50 hours working on the instant case, that Ms. Cole spent 56.1 hours, and that Ms. McMains spent 15 hours. The number of hours accrued by all three attorneys totals 121.1. Plaintiff cites *Moreno v. City of Sacramento*, 534 F.3d 1106, 1111 (9th Cir. 2008) to argue that: (1) some degree of duplication is inherently part of the process; and (2) it is atypical for attorney fees to be inflated in civil rights cases, when the attorneys are working based on contingency fees. Motion at 4. Plaintiff further argues that his counsel worked extensively during this case to respond to discovery, engage in meet and confer sessions with opposing counsel, and to successfully oppose all of Defendants' motions. *Id.* at 5.

Defendants argue that Plaintiff "does not include a single billing record or any indication that the number of hours sought by Plaintiff are reliable or reasonable." Oppo. at 12. Instead, Defendants argue that Plaintiff "simply lists 121.1 total hours by three different attorney timekeepers, two who do not supply declarations in support of their

hours," and there is no indication of when these hours were spent or on what tasks. *Id.* at 12–13. Specifically, Defendants argue that the following tasks did not occur before June 28, 2022: (1) responding to discovery; (2) engaging in meet and confer sessions with defense counsel; (3) successfully opposing all of Defendants' motions; and (4) the time spent on the instant fees Motion. *Id.* at 11.

Without billing records, the Court cannot determine what hours were spent on what tasks, and importantly, at what point in time. As noted above, based on the Settlement Agreement, the Court will not entertain an award of fees for work performed after June 28, 2022. Plaintiff clearly and unambiguously contracted out of his right to obtain those fees. Yet Plaintiff seeks fees for work on the instant Motion, which could not have reasonably occurred before the June 28, 2022 cut-off date. It also appears from the docket that limited discovery (if any) could have occurred before the June 28, 2022. As such, based on the briefing before it, the Court finds that at least some of the 121.1 hours for which Plaintiff seeks fees accrued after June 28, 2022. Without the billing records, the Court cannot determine how these hours should be reduced.

Accordingly, Plaintiff's counsel is **ORDERED** to file a declaration stating the number of hours worked by each attorney through the June 28, 2022 cut-off date. Attached to the declaration should be counsels' respective billing records for the hours worked. The Court will likewise disregard any clerical work. Defendants argue that clerical tasks are not recoverable under § 1988 and there are no counterarguments to consider. As such, the declaration and billing records should be limited to work performed through June 28, 2022 and should exclude clerical work and costs. *Durruthy v. Charter Commc'ns, LLC*, No. 3:20-cv-01374-W-MSB, 2021 WL 6883423, at *9 (S.D. Cal. Sept. 30, 2021) (citing *Rosemary G. V. v. Saul*, 3:19-cv-00715-RBM, 2020 WL 6703123 at *4 (S.D. Cal. Nov. 12, 2020) ("Time billed for clerical tasks is not recoverable as the tasks should be absorbed into law firm overhead rather than billed at the rate of paralegals. Tasks such as filing and organization are clerical in nature.")); *G & G Closed Cir. Events*, No. 3:20-cv-00801-BEN-RBB, 2021 WL 164998, at *7 (S.D. Cal. Jan. 19, 2021) (citing *Nadarujah v. Holder*, 569

F.3d 906, 921 (9th Cir. 2009) ("Courts have held that attorneys may not seek to recover for administrative tasks or time.")).  The Court makes no findings as to the hourly rates or number of hours at this time and will consider an appropriate fee award after review of the declaration and billing records.

## V.  CONCLUSION

The Court rules as follows:

1.   Plaintiff's counsel must file the declaration and billing records no later than **June 23, 2023**.

2.   If no declaration and/or billing records are submitted by the deadline, the Court will deny Plaintiff's Motion for Attorney Fees and Costs.

3.   The Court will not consider arguments raised for the first time in the declaration.

**IT IS SO ORDERED.**

DATED:   June 15, 2023

HON. ROGER T. BENITEZ
United States District Judge