UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TYLER ASTORGA, an individual,<br><br>              Plaintiff,<br><br>v.<br><br>COUNTY OF SAN DIEGO; KEVIN BOEGLER, in his individual capacity; and DOES 1-25, inclusive,<br><br>              Defendants. | Case No.: 3:21-cv-00463-BEN-KSC<br><br>**ORDER GRANTING-IN-PART PLAINTIFF'S MOTION FOR ATTORNEY FEES**<br><br>**[ECF No. 39]** |

**I.    INTRODUCTION**

Plaintiff Tyler Astorga brings this action against Defendants the County of San Diego (the "County") and Kevin Boegler (collectively, "Defendants"). Before the Court is Plaintiff's Motion for Attorney Fees and Costs. ECF No. 39. The Motion was submitted on the papers without oral argument pursuant to Civil Local Rule 7.1(d)(1) and Rule 78(b) of the Federal Rules of Civil Procedure. *See* ECF No. 41. After considering the papers submitted, supporting documentation, and applicable law, the Court **GRANTS-IN-PART** Plaintiff's Motion for Attorney Fees and Costs.

## II. BACKGROUND

This case is one of several filed in the Southern District pertaining to the Black Lives Matter events that took place on May 30, 2020, in La Mesa, California. *See, e.g.*, *Horton v. County of San Diego et al.*, Case No. 3:21-cv-00400-H-BGS; *Segura v. City of La Mesa et al.*, Case No. 3:21-cv-00565-JM-MDD; *Woolsey v. County of San Diego et al.*, Case No. 3:21-cv-00877-BEN-AHG. The facts and complete procedural history are referred to in this Court's prior Orders, *see* ECF Nos. 23 and 48, and are not necessary to resolve the instant Motion for Attorney Fees and Costs. The relevant procedural history is summarized below.

On September 1, 2022, Plaintiff filed a Notice of Settlement. ECF No. 36. On December 12, 2022, Plaintiff filed the instant Motion for Attorney Fees and Costs. ECF No. 39 ("Motion"). On December 23, 2022, Defendants filed an Opposition to Plaintiff's Motion. ECF No. 40 ("Oppo."). Plaintiff filed no reply.

On June 15, 2023, this Court issued a Decision Reserving Ruling on Plaintiff's Motion for Attorney Fees and Costs, ordering Plaintiff's counsel to file an updated declaration and attach billing records for the fees sought. *See* ECF No. 48. On June 30, 2023, Plaintiff's counsel filed an updated Declaration and attached billing records. Declaration of Dante T. Pride in Support of Motion for Attorneys' Fees and Costs, ECF No. 54 ("Pride Decl. II"). Defendants filed an Objection to the updated Declaration. ECF No. 55.

## III. LEGAL STANDARD

Pursuant to 42 U.S.C. § 1988, in civil rights cases, a Court has discretion to award "the prevailing party" reasonable attorneys' fees. Although "[t]he court's discretion under section 1988 has been interpreted very narrowly," *see Ackerley Commc'ns, Inc. v. City of Salem, Or.*, 752 F.2d 1394, 1396 (9th Cir. 1985), "fee awards should be the rule rather than the exception." *Teitelbaum v. Sorenson*, 648 F.2d 1248, 1251 (9th Cir. 1981); *see also V.A. v. San Pasqual Valley Unified Sch. Dist.*, No. 17-cv-02471-BAS-AGS, 2018 WL 3956050, at *1 (S.D. Cal. Aug. 17, 2018) (quoting the same).

## IV. DISCUSSION

Plaintiff seeks attorneys' fees and costs pursuant to 42 U.S.C. § 1988, California Civil Code § 52.1(i), and Federal Rule of Civil Procedure 54(d). ECF No. 39 at 1. Plaintiff seeks $45,110.00[1] in attorneys' fees and $1,705.38 in costs. Motion at 6; Ex. A to Pride Decl. II at 4. Defendants argue the amount Plaintiff seeks is not reasonable and includes fees outside the confines of the Settlement Agreement. Oppo. at 6. Based on the Settlement Agreement, analyzed in this Court's June 15, 2023 Decision, the Court finds Plaintiff is entitled to reasonable fees. However, even with the updated declaration and billing records, the Court agrees with Defendants that Plaintiff seeks certain fees excluded under the parties' Settlement Agreement.

"The Supreme Court has instructed that '[t]he initial estimate of a reasonable attorney's fee is properly calculated by multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate,' an approach commonly known as the 'lodestar' method." *Vargas v. Howell*, 949 F.3d 1188, 1194 (9th Cir. 2020) (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)). As such, the Court looks to Plaintiff's proposed hourly rates and the number of hours accrued.

### A. Hourly Rates

"The party seeking attorneys' fees bears the burden of 'submitting evidence of the hours worked," the rate charged, and that "the rate charged is in line with the prevailing market rate of the relevant community.'" *G & G Closed Cir. Events, LLC v. Parker*, No. 3:20-cv-00801-BEN-RBB, 2021 WL 164998, at *2 (S.D. Cal. Jan. 19, 2021) (quoting *Carson v. Billings Police Dep't.*, 470 F.3d 889, 891 (9th Cir. 2006) (internal quotation omitted)). "In establishing the reasonable hourly rate, the Court may take into account: (1) the novelty and complexity of the issues; (2) the special skill and experience of counsel; (3) the quality of representation; and (4) the results obtained." *Kilopass Tech., Inc. v.*

---

[1] The previous figure of $57,580.00 was decreased to $45,110.00 in Mr. Pride's most recent Declaration, based on a "transcription error." Pride Decl. II at 4, ¶ 21; Ex. A to Pride Decl. II at 4.

*Sidense Corp.*, 82 F. Supp. 3d 1154, 1170 (N.D. Cal. 2015).

Defendants argue that the requested billable rates are higher than fee awards in comparable cases in this district. Oppo. at 19–20. Citing numerous cases, Defendants argue that Plaintiff's counsel does not have the experience necessary to justify the fees they request. *Id.* at 19. Defendants explain that in the last three years, fee awards in this district have ranged from $245.00 to $650.00 per hour, and that typical rates for experience similar to Plaintiff's counsel fall on the lower end of the spectrum. *Id.* In addition to lacking experience, Defendants argue that Plaintiff's counsel does not specialize in civil rights law (based on Mr. Pride's declaration stating the firm specializes in employment law). *Id.* at 21; *see also* Declaration of Dante T. Pride, ECF No. 39-2 ("Pride Decl. I") at 2, ¶ 6. As such, Defendants argue that a $350.00 blended rate should be applied for work performed by all three attorneys. Oppo. at 22. Plaintiff did not reply to Defendants' Opposition. Even so, the Court will not arbitrarily apply a blended, $350.00 rate for three attorneys with vastly different levels of experience. Even if Plaintiff did waive any counter arguments to those made in Defendants' Opposition, the hourly rates applied must be reasonable. Although there are relatively few both recent and comparable civil rights cases awarding fees in this district, the Court is able to determine appropriate rates for each attorney as set forth below.

      **i.**    **Dante T. Pride**

Mr. Pride requests an hourly rate of $650.00, based on nearly 15 years of post-bar, legal experience. Motion at 3. Plaintiff argues that Mr. Pride's "rate is within the range of billing rates for civil rights attorneys throughout California." *Id.* Plaintiff states that Mr. Pride: (1) "has managed his own law firm specializing in civil rights, employment, and personal injury" since 2010; (2) "obtained a $54,000.00 jury verdict in 2019 and was subsequently awarded attorney fees at $500.00 per hour;" and (3) since 2019, "has handled several civil rights and employment cases and obtained substantial settlements." *Id.* Mr. Pride's original declaration states additional qualifications entitling him to the $650.00 fee he seeks, including his experience trying cases to verdict, being awarded "Top 40 under

-4-

3:21-cv-00463-BEN-KSC

40" in San Diego, success through various seven-figure settlements, and more. *See* Pride Decl. I at 2–4, ¶¶ 6–18.

The Court agrees that the requested $650.00 hourly rate is on the high end of the scale for civil rights lawyers. In 2014, one court held that in its "experience with civil rights cases in [the southern district of California], only the most skilled counsel earn $600 or more per hour." *Ramirez v. Escondido Unified Sch. Dist.*, No. 11-cv-01823-DMS-BGS, 2014 WL 12675859, at *3 (S.D. Cal. Apr. 17, 2014). Mr. Pride's Declaration establishes that he is a skilled, partner level attorney with 15 years of experience, which could justify a higher rate. An increase in $50.00 per hour for a skilled civil rights attorney, 9 years after the *Ramirez* holding, appears reasonable. As this Court recently stated (albeit in a different context), "[c]onstitutional litigation can be expensive." *Miller v. Bonta*, No. 22-cv-01446-BEN-JLB, 2022 WL 17811114, at *4 (S.D. Cal. Dec. 19, 2022). Furthermore, in 2021, and in the context of civil litigation, this Court held that "the Southern District of California has found hourly rates of $550.00 per hour or higher reasonable for attorneys with partner level experience." *G & G Closed Cir. Events*, No. 3:20-cv-00801-BEN-RBB, 2021 WL 164998, at *4 (citing *Carr v. Tadin, Inc.*, 51 F. Supp. 3d 970, 980 (S.D. Cal. 2014) (holding that an hourly rate of $650.00 per hour was reasonable for a partner)); *Youngevity Int'l, Corp. v. Smith*, No. 16-cv-00704-BTM-JLB, 2018 WL 2113238, at *5 (S.D. Cal. May 7, 2018) ("Courts in this district have held a range of rates from $450–750 per hour reasonable for a senior partner in a variety of litigation contexts and specialties.").

Even so, as Defendants point out, Mr. Pride's firm has worked on similar cases in this district arising from the same underlying events, leading to overlap in the legal issues and general factual background, indicating that this case did not require exceptional skill.[2] Although civil rights litigation can be complex, this case appears seemingly straightforward, raising no *novel* legal issues. *Cf. Fisher v. City of San Diego*, No. 12-cv-01268-LAB-NLS, 2013 WL 4401387, at *1 (S.D. Cal. Aug. 14, 2013) (explaining how a

---

[2]  Plaintiff waived any rebuttal argument regarding the complexity of the issues by failing to respond.

*Monell* claim under § 1983 raised no novel legal issues).

In addition, although Mr. Pride has experience in civil rights cases, his own declaration states that his area of expertise is in employment law. Higher hourly rates appear to be associated with attorneys who have significant civil rights experience. *See, e.g.*, *Soler v. Cnty. of San Diego*, No. 14-cv-02470-MMA-RBB, 2021 WL 2515236, at *5 (S.D. Cal. June 18, 2021), *appeal dismissed sub nom in Soler v. Wilkins*, No. 21-55760, 2021 WL 4979447 (9th Cir. Aug. 19, 2021) (finding $650.00 per hour reasonable for "an extremely experienced trial attorney," who "built a significant civil rights practice over the course of the last decade," putting forth work of the highest quality). And again, Plaintiff did not file a reply to combat Defendants' arguments regarding Mr. Pride's level of skill and areas of expertise. Taking all of this into account and given the Court's knowledge of comparable rates in this district, the Court reduces Mr. Pride's proposed hourly rate. Because Mr. Pride has partner level experience but the case raises no novel legal issues, and Mr. Pride's skill set appears to be focused more on labor and employment law, the Court exercises its broad discretion and finds a reasonable hourly rate to be $550.00 for this particular case. *See G & G Closed Cir. Events*, No. 3:20-cv-00801-BEN-RBB, 2021 WL 164998, at *4 ("The Southern District of California has found hourly rates of $550.00 per hour or higher reasonable for attorneys with partner level experience."); *cf. San Pasqual Valley Unified Sch. Dist.*, No. 17-cv-02471-BAS-AGS, 2018 WL 3956050, at *4 (finding reasonable an hourly rate of $650.00 for two attorneys with more than thirty-five years of experience each).

    **ii.**  *Alana McMains*

To support Ms. McMains requested hourly rate of $550.00, Plaintiff's Motion details her education at the University of California, Los Angeles and Northwestern University School of Law. Motion at 3. Plaintiff further argues that Ms. McMains graduated from law school in 2012, she clerked for a United States District Judge, and she continued her career working for the Federal Defenders of San Diego, Inc. until 2019. *Id.* Plaintiff provides no further explanation as to why Ms. McMains is entitled to the $550.00

1  hourly rate requested, and Ms. McMains did not file her own declaration. Plaintiff refers
2  to Ms. McMains qualifications in his Motion, and Mr. Pride refers to Ms. McMains
3  qualifications in his declaration.

4      Although Ms. McMains $550.00 proposed rate is less than that requested by Mr.
5  Pride, as noted above, the Court finds this rate to be on the higher end of the spectrum for
6  a case of this type. A $550.00 hourly rate is more appropriate for an attorney with partner
7  level experience, *see G & G Closed Cir. Events*, No. 3:20-cv-00801-BEN-RBB, 2021 WL
8  164998, at *4, or an attorney who is highly specialized in civil rights litigation. Without a
9  formal declaration from Ms. McMains and additional qualifications entitling her to the
10 requested rate, the Court finds the rate unreasonable. Ms. McMains appears to have over
11 10 years of experience in the legal field, including up to 7 years of experience with the
12 Federal Defenders of San Diego. This alone, however, does not entitle Ms. McMains to a
13 fee on the higher end for a civil rights case in this district, especially in the absence of a
14 formal declaration from Ms. McMains herself. Given the limited information provided to
15 the Court—*i.e.*, the lack of evidence respecting Ms. McMains experience as a civil rights
16 attorney—Plaintiff has not met his burden of establishing the reasonableness of the
17 requested rate.

18     The Court exercises its discretion and finds a reasonable hourly rate for Ms.
19 McMains to be $375.00 for this particular case. This figure falls between somewhat
20 comparable fee awards. *See Indian Hills Holdings, LLC v. Frye*, 572 F. Supp. 3d 872, 894
21 (S.D. Cal. 2021) (finding reasonable an hourly rate of $300.00 for an attorney with 9 years
22 of experience, who set forth no other evidence justifying that rate); *Soler*, No. 14-cv-02470-
23 MMA-RBB, 2021 WL 2515236, at *5 (reducing a requested fee of $550.00 per hour to
24 $485.00, where the attorney had 13 years of legal experience, 9 of which he worked on
25 civil rights cases); *Williams v. Cnty. of San Diego*, No. 17-cv-00815-MMA-JLB, 2021 WL
26 3619876, at *7 (S.D. Cal. Aug. 16, 2021) (finding $245.00 per hour reasonable for one
27 attorney with 7 years of experience as a civil defense attorney, and another attorney with 9
28 years of experience, some of which involved civil rights actions); *Kries v. City of San*

*Diego*, No. 17-cv-01464-GPC-BGS, 2021 WL 120830, at *7 (S.D. Cal. Jan. 13, 2021) (finding an hourly rate of $400.00 reasonable for a 6-year attorney with experience and achievements in the applicable field, and an hourly rate of $500.00 reasonable for a 14-year attorney with experience working on similar cases).

### iii. *Erin C. Cole*

There is even less support for Ms. Cole's requested hourly rate of $300.00. Plaintiff's Motion and Mr. Pride's Declaration state that Ms. Cole: (1) attended the University of California, Los Angeles; (2) graduated from Northwestern University School of Law in 2021; (3) "received Pro Bono Recognition Award and the Congresswoman Lynn Schenk Scholarship" while in law school; and (4) served as a judicial extern for two Federal Judges.  Motion at 3; Pride Decl. I at 4, ¶ 20.  Although Ms. Cole appears to have done well in law school, those accolades do not correlate to experience as a civil rights attorney—especially given the limited details provided to the Court.

Without any indication of litigation experience, and no rebuttal argument justifying the requested rate, the Court finds that a reasonable hourly rate for Ms. Cole is at the low end of the range provided by Defendants: $245.00 per hour.  An hourly rate of $300.00 in a case like this, would be reasonable for an attorney with a few years of experience under her belt. *San Pasqual Valley Unified Sch. Dist.*, No. 17-cv-02471-BAS-AGS, 2018 WL 3956050, at *4 (finding reasonable an hourly rate of $325.00 for an associate with over 3 years of experience); *McManus v. Cnty. of San Diego*, No. 15-cv-00138-JM-RBB, 2018 WL 3608419, at *3 (S.D. Cal. July 27, 2018) (finding reasonable an hourly rate of $300.00 for an attorney with 3 to 4 years of experience); *Kries*, No. 17-cv-01464-GPC-BGS, 2021 WL 120830, at *8 (finding reasonable an hourly rate of $295.00 for a 4-year attorney, and an hourly rate of $225.00 for an attorney who performed the work during his first 3 years of experience).

### B. **Number of Hours**

The party seeking attorneys' fees bears the burden of "submitting evidence of the hours worked . . . ." *Carson*, 470 F.3d at 891 (internal quotation omitted).  Hours that are

not reasonably necessary may be deducted from a fee award. *See id.* at 893. "Where the documentation of hours is inadequate, the district court may reduce the award accordingly." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983).

Plaintiff's billing records state that Mr. Pride spent 50.1 hours working on the instant case, that Ms. Cole spent 15.6 hours on the case, and that Ms. McMains spent 14.3 hours on the case.[3] The number of hours accrued by all three attorneys totals 80 hours.

Defendants initially argued that Plaintiff failed to file billing records, providing the Court with no indication that the hours sought were reasonable or reliable. Oppo. at 12–13. In response to the Court's order, Plaintiff's counsel filed billing records. *See* Ex. A to Pride Decl. II. Many of Defendants' remaining arguments still apply. Defendants argue that "this Court should award no more than thirty hours in fees as the items appearing from the docket that are during the period where attorneys' fees are recoverable would not have taken more than 30 hours to complete with competent counsel." *Id.* at 15. After review of the billing records, Defendants filed a Supplemental Objection, requesting that the Court reduce the number of hours from 80 to 20.9, and apply a blended billing rate of $350.00. ECF No. 55 at 5–6.

Defendants explain that the following tasks did not occur before June 28, 2022: (1) responding to discovery; (2) engaging in meet and confer sessions with defense counsel; (3) successfully opposing all of Defendants' motions; and (4) the time spent on the instant fees Motion. Oppo. at 11. Defendants further note the nature of the hours accrued, arguing they should be reduced for duplicative work relating to the other cases involving the events at La Mesa. *Id.* at 15. Defendants contend that "the work required to draft the complaint, acquire information on the underlying events, and even the arguments in this one opposition filed by Plaintiff's counsel in this case all show significant duplication and overlap, including large amounts of copying and pasting." *Id.*

Plaintiff does not respond to these arguments. Plaintiff's Motion, however, cites

---

[3]   Dante Pride's updated declaration states that in the prior briefing "Ms. Cole's hours were erroneously entered at 56.1 instead of 15.6." Pride Decl. II at 4, ¶ 21.

*Moreno v. City of Sacramento*, 534 F.3d 1106, 1111–12 (9th Cir. 2008) to argue that: (1) some degree of duplication is inherently part of the process; and (2) it is atypical for attorney fees to be inflated in civil rights cases, when the attorneys are working based on contingency fees. Motion at 4. Plaintiff further argues that his counsel worked extensively during this case to respond to discovery, engage in meet and confer sessions with opposing counsel, and to successfully oppose all of Defendants' motions. *Id.* at 5.

As an initial matter, the Court will not arbitrarily award 20.9 (or 30) hours in fees, as Defendant requests. Instead, the Court looks to the updated Declaration and billing records. As set forth in this Court's prior Decision, "[b]ased on the clear text of the Settlement Agreement . . . , the Court rejects Plaintiff's contention that he is entitled to fees for the time spent litigating the instant Motion, or for any work that occurred after June 28, 2022." ECF No. 48 at 4–5. The Declaration does not provide an updated number of hours, excluding work performed after the June 28, 2022 cut-off date, as instructed by the Court. And although the billing records detail the work performed, no specific dates are provided. For most of the billing entries, the Court can easily discern whether the work occurred before or after the June 28, 2022 cut-off date. For example, the Early Neutral Evaluation Conference occurred on March 29, 2022, meaning any work leading up to the Conference, as well as time spent attending the Conference occurred before June 28, 2022. However, it remains unclear whether certain billing entries occurred prior to that date. Those billing entries that remain particularly unclear are unreliable and will be excluded from the total number of hours, because Plaintiff did not meet his burden of establishing that the hours occurred prior to the cut-off date (despite this Court's prior Decision).

The billing entries that clearly fall outside the confines of the Settlement Agreement include: (1) "Draft motion for attorney's fees;" and (2) "Subsequent review, analysis and record compilation pursuant to court order." Ex. A to Pride Decl. at 4. Both of these relate to the instant fees Motion, which could not have reasonably occurred on or before June 28, 2022. Another entry states "Prepare for and attend final settlement conference." Ex. A to Pride Decl. II at 4. The work performed for this entry could not have occurred before or

on June 28, 2022. A Settlement Conference was held on June 27, 2022, one day before the cut-off. ECF No. 30. However, the case did not settle at that Conference, which indicates that the June 27, 2022 conference was not the "final settlement conference." *See id.* The parties filed their Notice of Settlement on September 1, 2022, over two months after the cut-off date. ECF No. 36. Furthermore, Defendants' Objection argues the "final settlement conference" refers to the Settlement Disposition Conferences, which occurred between January and April of 2023. ECF No. 55 at 3. Given this information, the "final settlement conference" referred to in the billing records could not have reasonably occurred by the June 28, 2022 cut-off date. As such, the 5.5 hours spent on the fees Motion and at the "final settlement conference" will be deducted from the total hours.

Billing entries surrounding discovery are not so clear. Although, as Defendants claim, no formal discovery was served until after the June 28, 2022 cut-off, it is possible that at least some work could have occurred through that date. But it appears from the docket that limited discovery (if any) actually occurred by June 28, 2022. The Magistrate Judge issued a Scheduling Order on June 3, 2022, which set forth discovery and other deadlines. ECF No. 26. A Joint Motion filed by the parties on August 1, 2022 indicates that Defendants served discovery on Plaintiff on March 23, 2022, prior to the opening of discovery and then re-served that discovery on June 6, 2022. ECF No. 33 at 1. Plaintiff's responses were due on July 6, 2022 but Plaintiff was granted an extension to respond. *Id.* at 1–2. The August 1, 2022 Motion states that at this point, the parties were still meeting and conferring as to Plaintiff's forthcoming discovery responses. However, by August 1, 2022, the June 28, 2022 cut-off date had passed. Although some of Plaintiff's discovery responses could have been drafted before the cut-off date, Plaintiff's billing records include no dates for the Court to analyze. And those billing entries respecting discovery are not so specific that the Court can infer when they occurred. The Court was clear in its prior decision that it would not award fees accrued after June 28, 2022 and Plaintiff did not meet his burden of establishing that these discovery entries occurred before or on that date. Accordingly, the Court finds the discovery related billing entries to be unreliable for

purposes of awarding fees accrued before the June 28, 2022 cut-off date. As such, the 21 hours spent on discovery are deducted from the total 80 hours.

Next, the Court looks to Mr. Pride's billing entry for work done on the initial Complaint. Defendants argue the work is duplicative and attach additional, similar complaints—filed by the Pride Law Firm in other cases—arising from the Black Lives Matter events in La Mesa. *Compare* Ex. B to Oppo. and Exs. C, D, E, and F to Oppo. Reviewing all complaints attached, there appears to be significant overlap in the language used, claims alleged, and even underlying events. *See id.* Mr. Pride's billing entry reads:

> Research and analysis re Bane Civil Rights Act caselaw to include in complaint. [1.5] Research and analysis re Ralph Act and case law for inclusion in Complaint. [1.5] Research and analysis re Battery and IIED for Complaint. [.5] Research and analysis re Jurisdiction and Venue for Complaint. [.5] Draft Complaint [1.8] Review and finalize complaint [.5]

Ex. A to Pride Decl. II at 2. Mr. Pride accrued 6.3 hours working on the initial Complaint in this matter. One of the similar complaints, *see* Ex. C to Oppo., was filed nearly one month before the Complaint was filed in this action. Given the largely duplicative nature of the complaints—and the fact that Mr. Pride is a seasoned, partner-level attorney—the Court finds the 6.3 hours spent on the Complaint in this case to be unreasonable. The research performed for the individual claims should be reduced, given that it was already performed in another case. The Court recognizes the need to review already used case law and ensure accuracy for new filings. However, 3.5 hours on duplicative research (regarding black letter law on the Bane Civil Rights Act, Ralph Act, Battery claim, and IIED claim) seems unreasonable for an experienced attorney. As such, those 3.5 hours are reduced to 1.2 hours. An additional hour is deducted for drafting the Complaint, given that little original drafting was done. The Court reduced the time spent drafting the Complaint from 1.8 hours to 0.8 hours. The Court finds the other time spent to be reasonable (*i.e.*, researching jurisdiction and venue for this particular case, as well as

spending time reviewing and finalizing the Complaint. The Court reduces the number of reasonable hours spent on drafting the Complaint to 3 hours.

The Court next acknowledges that the money Plaintiff has received (or will receive) through the Settlement Agreement makes Plaintiff a prevailing party for purposes of 42 U.S.C. § 1988. However, the Court notes that Plaintiff did not prevail entirely in opposing the County's Motion to Dismiss. Plaintiff succeeded in opposing dismissal of his claims under the Ralph Act and Bane Civil Rights Act, as well as against the County's Motion to Strike. However, the Court granted the County's request to dismiss the *Monell* claim lodged against it, which occupied a large portion (about half) of Plaintiff's argument in his Opposition to the Defendants' Motion to Dismiss. As such, the Court is not required to award all fees associated with opposing the County's Motion to Dismiss. *McCown v. City of Fontana*, 565 F.3d 1097, 1103 (9th Cir. 2009) ("A plaintiff is not eligible to receive attorney's fees for time spent on unsuccessful claims that are unrelated to a plaintiff's successful § 1983 claim."). Despite Defendants' arguments that these hours should be reduced, the Court finds Plaintiff's *Monell* claim was sufficiently related to his § 1983 claim. The Court also finds the hours spent reviewing and responding to Defendants' Motion to Dismiss to be reasonable. Accordingly, no hours are deducted for the time spent responding to Defendants' Motion to Dismiss.

Regarding the media related billing entries, Defendants argues that "[t]he prosecution of this action did not depend on Plaintiff's counsel using the case for free publicity opportunities." ECF No. 55 at 4. Defendants refer to the following entries: (1) "Field media inquiries as they related to client's case and injuries, including recording the news and answering questions from various media outlets; and (2) "Receive and review email received from CBS 8 News re Astorga video footage of police officer brandishing weapon." Ex. A to Pride Decl. II at 2. Defendants cite no case law in making this assertion. As to the first entry, recording news related to the client's case and injuries seems reasonable, as certain footage could help resolve factual disputes. However, without more information, answering questions from various media outlets does not seem reasonably

necessary to the prosecution of Plaintiff's case. Two hours are dedicated to these tasks but because the hours are not divided, the Court does not know how much time was spent on each. The Court reduces the billing by 1-hour respecting counsel's communication with media. As to the other media related entry, reviewing an email concerning video footage related to Plaintiff's case appears reasonable (again, to potentially resolve factual disputes). The Court thus includes the 0.6 hours logged for this task.

Finally, there are multiple vague billing entries that could have occurred before or after the June 28, 2022 cut-off date. Although many of these entries could have conceivably happened before the cut-off date, the burden is on Plaintiff to establish that they did. Because the billing records were not created contemporaneously—and do not provide dates—these vague entries will be deducted from the total number of hours as unreliable. *See Joe Hand Promotions, Inc. v. White*, No. C 11-01331 CW JSC, 2011 WL 6749061, at *2 (N.D. Cal. Dec. 6, 2011) ("Because the billing records were not created contemporaneously, the Court finds that they are inherently less reliable."); *Inigo v. Express Movers, Inc.*, No. 3:18-cv-02844-BEN-DEB, 2021 WL 948795, at *2 (S.D. Cal. Mar. 12, 2021) (reducing fees based on a lack of documentation justifying hours as reasonable). First, is an entry stating "[v]arious emails to opposing counsel re case management, joint motions for extensions, and Plaintiff's settlement demands." Ex. A to Pride Decl. II at 3. Second, is an entry stating "various emails with opposing counsel re scheduling IME, Rule 68 offer to compromise, etc." *Id.* Third is an entry stating "T/C with mom re client learning disabilities and other challenges." *Id.* Fourth, are entries stating, "[v]arious emails and telephone correspondence with opposing counsel . . . [and] [r]esearch and analysis re IME and client travel at own expense or opposing counsel." *Id.* at 4. All of these entries are so vague that they could have occurred at many different points in time. And the hours regarding the IME (Independent Medical Exam), are especially questionable seeing that the parties' Joint Motion regarding the Exam was not filed until July 26, 2022, which was 28 days after the fee accrual cut-off date. *See* ECF No. 31. Because Plaintiff did not clarify when all of this work occurred (*i.e.*, or whether

it occurred on or before June 28, 2022), he did not meet his burden of proving reliability. Accordingly, the Court will deduct the 4.1 hours billed for these entries from the total number of hours.

Applying the above reductions, the total number of hours for work that occurred on or before June 28, 2022 is 45.1 hours.  Of those hours: (1) 19.3 were performed by Mr. Pride, which totals $10,615.00 after applying his $550.00 hourly rate; (2) 12.7 were performed by Ms. McMains, which totals $4,762.50 after applying her $375.00 hourly rate; and (3) 13.1 were performed by Ms. Cole, which totals $3,209.50 applying her $245.00 hourly rate.  The total sum amounts to $18,587.00.  The Court does not include a sum for costs because no record of costs is included for the Court's review.

## V.   **CONCLUSION**

The Court **GRANTS-IN-PART** Plaintiff's Motion for Attorney Fees and Costs and awards Plaintiff $18,587.00.

**IT IS SO ORDERED.**

DATED:   July 24, 2023

**HON. ROGER T. BENITEZ**
United States District Judge